<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMALL WASHINGTON,<br><br>           Plaintiff,<br><br>     v.<br><br>NJ SUPREME COURT, et al.,<br><br>           Defendants. | Civil Action No. 23-1306 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed with prejudice.

**I.     BACKGROUND**

In his complaint, Plaintiff states that he believes that the disproportionate rate of incarceration of men as it relates to women is the result of various prejudices biases in the criminal justice system. (ECF No. 1 at 5-6.) As a result, he believes that the incarceration of many men,

himself included, amounts to something close to selective enforcement on the part of authorities, or at least selective benefits for those women who do commit crimes. (*Id.*) He therefore seeks to raise civil rights claims against the New Jersey Supreme Court and New Jersey Superior Court, seeking the imposition of an "affirmative action" system and to have his criminal charges dismissed, as well as compensation.[1] (*Id.* at 6.)

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

---

[1] Plaintiff also attaches to his complaint a document which contains various allegations unrelated to those in his current complaint. (ECF No. 1 at 8-14.) This document appears to be a copy of one submitted in another case he filed, (*see* Docket No. 23-1305 at ECF No. 1 at 8-14), which is related to the allegations in the attached document. This Court thus does not construe these additional pages to be part of Plaintiff's claims in this case, and instead considers it to have been mistakenly attached in this matter. Even if it were meant to be a part of this case, nothing in the document relates to the two named Defendants in this case, and the additional document is therefore at best extraneous and does not appear to be intended to raise a claim as to the named Defendants here.

2

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In his complaint, Plaintiff seeks to bring a civil rights claim against the New Jersey courts, specifically the state Superior and Supreme Courts, specifically a species of selective enforcement claim. Both an unconsenting state and its arms – including its state courts – are absolutely immune from suit in federal court. *See Villarreal v. New Jersey*, 803 F. App'x 583, 587 (3d Cir. 2020). Because New Jersey has not consented to suit in federal court, it and its courts are immune from

suit in federal court under § 1983. *Id.* Indeed, even the judges of the courts themselves are entitled to absolutely immunity for any and all actions taken as judges unless taken in the clear absence of all jurisdiction. *Id.* at 587-88. As Plaintiff is attempting to raise claims against the state courts as to their punitive criminal case practices – the imposition of incarceration on males – Defendants are clearly entitled to absolute immunity and Plaintiff's claims must therefore be dismissed with prejudice.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITH PREJUDICE**. An order consistent with this Opinion will be entered.

*[signature]*

Hon. Karen M. Williams,
United States District Judge
